## TOM TIPTON et al. v. STATE.

No. A-7436.   Opinion Filed Sept. 20, 1930.
Rehearing Denied Nov. 15, 1930.
(292 Pac. 880.)

S. R. Harper and Lewis Hunter, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter referred to as the defendants, were tried and convicted of the possession of one still, with intent to use the same to violate the prohibition laws of the state, and the defendant Tom Tipton was sentenced to serve 180 days in the county jail and pay a fine of $250; the defendant Reubin Pointer was sentenced to serve 120 days in the county jail and pay a fine of $150; the defendant Everett Beeler was sentenced to serve 120 days in the county jail and pay a fine of $120.  Motion for new trial was filed, considered, overruled, and the defendants have appealed by case-made with petition in error attached to this court.

The testimony of the state is, in substance, as follows:  Jess Ansel stated he was a deputy sheriff, on Sep-

tember 23, 1928, and knew the defendants; accompanied by W. E. Nix he went to the Emmit Gray farm in Comanche county; they were going down a creek on the farm and saw the defendants Tipton and Beeler standing close to the still; they had a soldering iron—"We watched them about five minutes and went down to where the still was; when we got down to the still Mr. Pointer stood some distance south of the still; the defendant Tipton said the still belonged to him; the defendant Pointer came back to the still and helped us tear it down; Pointer said he had a car somewhere, but it was not around there, I never saw it. It was about a 350-gallon still. We found a truck about 150 yards from the still; Tipton said it belonged to himself and Pat Brewers."

On cross-examination witness stated the defendants Beeler and Pointer did not try to run or get away; defendant Beeler did not make any claim to the still.

W. E. Nix testified for the state, in substance, that when they first came up to the still on the Emmitt Gray place they saw two men, later he learned the defendants were Tipton and Beeler; shortly after they went up to the still Mr. Ansel yelled at Mr. Pointer, and the defendant Pointer said he had nothing to do with it, that he had come to get a wrench to fix his car; Tipton said it was his still.

The witness further stated when he first saw Pointer he was about 75 yards from the still, and that Tipton said the still belonged to him.

At the close of the state's testimony the defendants Reubin Pointer and Everett Beeler demurred to the evidence for the reason that the state failed to sustain the allegations in the information in this case, and for the further reason that the evidence shows that the defend-

ants had nothing to do with the still, according to the officers who testify, stating that Tipton said they had nothing to do with the still. The demurrer was overruled, and defendant duly excepted.

The defendants have assigned four errors alleged to have been committed in the trial of this case. The fourth assignment being: "That the court erred in overruling the defendants' motion for a new trial." This assignment covers all the other alleged errors.

An examination of the record clearly shows that the defendants Tom Tipton and Everett Beeler were at the still, working or preparing to work—they had a soldering iron—and no explanation is made why the defendant Beeler was at the still. It is true the defendant Tipton says the still belonged to him, but Beeler was there with the defendant Tipton. No testimony was offered by the defendant Beeler to show how he happened to be present with the defendant Tipton at the still when the officers came upon them. The only testimony which tends to exonerate the defendant Beeler is the statement of Tipton that the still belonged to him. The testimony of the witness as to the defendant Reubin Pointer shows that Pointer stated he had been there to get a wrench to fix his car; considered in connection with the statement of Tipton that the still belonged to him, and the facts that Pointer was seen by the officers about 75 yards from the still with the wrench in his hand, the testimony is insufficient to sustain a conviction against the defendant Reubin Pointer.

The court did not err in overruling the motion of the defendants Tom Tipton and Everett Beeler for a new trial. The motion for a new trial as to Reubin Pointer should have been sustained.

112

The evidence is sufficient to sustain the conviction of Tom Tipton and Everett Beeler, and insufficient to sustain the conviction of Reubin Pointer. The judgment as to the defendants Tom Tipton and Everett Beeler is affirmed, and reversed as to Reubin Pointer.

EDWARDS, P. J., and CHAPPELL, J., concur.